UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA :
       - v. - :
ARNOLD MELENDEZ,
    a/k/a "Frankie," :
           Defendant. :
- - - - - - - - - - - - - - - - - x

CONSENT PRELIMINARY ORDER
OF FORFEITURE as to
SPECIFIC PROPERTY/
MONEY JUDGMENT

19 Cr. 455 (VB)

WHEREAS, on or about June 19, 2019, ARNOLD MELENDEZ, a/k/a "Frankie"(the "defendant"), was charged in a one-count Information, 19 Cr. 455 (VB) (the Information"), with narcotics conspiracy, in violation of Title 21, United States Code, Section 846 (Count One); and

WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to 21 U.S.C. § 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offense, including but not limited to:(i) a sum of money equal to $20,395 in United States currency, representing proceeds traceable to the commission of the offense charged in Count One of this Information; and (ii) all right, title and interest of the defendant in the following specific property: one

black 9-millimeter Ruger LC9 semi-automatic pistol with six 9-millimeter rounds loaded in the magazine; and

WHEREAS, on or about June 19, 2019, the defendant pled guilty to Count One of the Information, pursuant to a plea agreement with the Government, wherein the defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit to the United States, pursuant to 21 U.S.C. § 853: (i) a sum of money equal to $20,395 in United States currency, representing proceeds traceable to the commission of the offense (the "Money Judgment"); and (ii) all right, title and interest of the defendant in the following specific property: one black 9-millimeter Ruger LC9 semi-automatic pistol with six 9-millimeter rounds loaded in the magazine (the "Specific Property"); and

WHEREAS, the defendant consents to the entry of a money judgment in the amount of $20,395 in United States currency representing the amount of proceeds traceable to the offense charged in Count One of the Information that the defendant personally obtained; and

WHEREAS, the defendant further consents to the forfeiture of all his right, title and interest in Specific Property, which constitutes proceeds of the offense charged in Count One of the Information;

WHEREAS, the defendant admits that, as a result of acts and/or omissions of the defendant, the proceeds traceable to the offense charged in Count One of the Information that the defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to 21 U.S.C. § 853(g), and Federal Rule of Criminal Procedure 32.2(b)(3) & (b)(6), the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Geoffrey S. Berman, United States Attorney, Assistant United States Attorney, Michael D. Maimin, of counsel, and the defendant, and his counsel, Domenick J. Porco, Esq., that:

1. As a result of the offense charged in Count One of the Information, to which the defendant pled guilty, a money judgment in the amount of $20,395 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Information that the defendant personally obtained, shall be entered against the defendant.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to 21 U.S.C. § 853(n)(1), Federal Rule of Criminal Procedure 32.2(b)(6), and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury,

and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(6)(A), the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to 21 U.S.C. § 853(p), the United States is authorized to seek forfeiture of substitute assets of the defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3), the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of

forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2.

14. The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment to Assistant United States Attorney Alexander J. Wilson, Co-Chief of the Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One Saint Andrew's Plaza, New York, New York 10007.

15. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an

original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: _____  6/19/19
Michael D. Maimin                     DATE
Assistant United States Attorney
300 Quarropas Street
White Plains, New York 10601
(914) 993-1952

ARNOLD MELENDEZ

By: _____  6/19/19
ARNOLD MELENDEZ                       DATE

By: _____  6/19/19
Domenick J. Porco, Esq.               DATE
Attorney for Defendant
108 Brook Street
Scarsdale, New York 10583

SO ORDERED:
_____  1/29/2020
THE HONORABLE                         DATE
UNITED STATES DISTRICT JUDGE