Copies Mailed/Faxed
Chambers of Vincent L. Briccetti OK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-16-24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA            :

v.                                  :

ARNOLD MELENDEZ,                    :
                        Defendant.   :
-----------------------------------------------------------x

**ORDER**

19 CR 455 (VB)

     By letter dated June 24, 2024, defendant Arnold Melendez seeks a reduction of his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Sentencing Guidelines.[1] The motion is DENIED because Melendez is not eligible for relief under Amendment 821.

     As relevant here, in Amendment 821, the U.S. Sentencing Commission amended the Guidelines by reducing from 2 to 1 the number of criminal history points added for defendants who committed the offense while under a criminal justice sentence (such as supervised release), and by limiting this provision to defendants who otherwise received 7 or more criminal history points. Amendment 821 became effective on November 1, 2023, and applies retroactively to this case.

     Melendez was sentenced on January 29, 2020, after pleading guilty to conspiracy to distribute and possess with intent to distribute fentanyl. At sentencing, his total offense level was 31, and his Criminal History Category was VI. He was in Criminal History Category VI both because he was classified as a "career offender" under Section 4B1.1 of the Guidelines, and because he had 14 criminal history points, including 12 points assessed for various prior sentences and 2 points for committing the instant offense while on federal supervised release. At Level 31, Criminal History Category VI, Melendez's sentencing range 188-235 months' imprisonment. After considering all of the factors set forth in 18 U.S.C. § 3553(a), the Court imposed a prison sentence of 188 months.

     The effect of Amendment 821 on Melendez's sentencing range is as follows: Instead of adding 2 criminal history points because he committed the instant offense while on supervised release, only 1 point is added, such that Melendez now has 13 (instead of 14) criminal history points. But this does not affect his Criminal History Category because with 13 criminal history points, Melendez remains in Criminal History Category VI. Also, as noted above, Melendez is a career offender, which is not affected by Amendment 821; thus, he remains in Criminal History Category VI based on his career offender status. And Amendment 821 has no effect on Melendez's total offense level of 31. Accordingly, his sentencing range is exactly the same now as it was at the time of sentencing—188-235 months' imprisonment, based on Level 31, Criminal History Category VI.

---

[1] The government opposed Melendez's motion by letter dated July 1, 2024. Melendez submitted a letter in response, dated July 8, 2024, which will be separately docketed.

1

In short, Amendment 821 did not lower Melendez's sentencing range. And the Court is authorized to reduce a term of imprisonment only when "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Because Amendment 821 did not lower Melendez's sentencing range, he is not eligible for a reduction of his term of imprisonment.

Accordingly, the motion is DENIED.[2]

Chambers will mail a copy of this Order to Melendez at the following address:

Arnold Melendez, Reg. No. 67794-054
FCI Berlin
Federal Correctional Institution
P.O. Box 9000
Berlin, NH 03570

Dated: July 16, 2024
       White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge

---

[2]    Melendez has also moved for appointment of counsel. Because Melendez is not eligible for relief pursuant to Amendment 821, no purpose would be served by appointing counsel. Accordingly, the motion for appointment of counsel is DENIED.

2