```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA                           :
                                                   :
v.                                                 :
                                                   :           19 CR 455 (VB)
ARNOLD MELENDEZ,                                   :
                              Defendant.           :
--------------------------------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/15/25

~~ORDER~~

Copies ~~faxed~~ 7-15-25
Chambers of Vincent L. Briccetti

      By motion dated June 28, 2025, defendant Arnold Melendez seeks a reduction of his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Sentencing Guidelines. This is Melendez's second motion pursuant to Section 3582(c)(2) and Amendment 821. His first motion was denied by Order dated July 16, 2024.

      The instant motion is DENIED because Melendez is not eligible for relief under Amendment 821.

      As relevant here, in Amendment 821, the U.S. Sentencing Commission amended the Guidelines by reducing from 2 to 1 the number of criminal history points added for defendants who committed the offense while under any criminal justice sentence (such as, for example, probation, parole, or supervised release), and by limiting this provision to defendants who otherwise received 7 or more criminal history points. Amendment 821 became effective on November 1, 2023, and applies retroactively to this case.

      Melendez was sentenced on January 29, 2020, after pleading guilty to conspiracy to distribute and possess with intent to distribute fentanyl. At sentencing, his total offense level was 31. He also had 14 criminal history points, including <u>12 points</u> assessed for various prior sentences and <u>2 points</u> assessed for committing the instant offense while under a criminal justice sentence, specifically federal supervised release in connection with his 2015 sentence for conspiracy to distribute and possess with intent to distribute crack cocaine. Separately, Melendez was classified as a "career offender" under Section 4B1.1 of the Guidelines, because the instant offense is a felony controlled substance offense and he had two prior felony convictions of either a crime of violence or a controlled substance offense. Either way, his Criminal History Category was Category VI. At Level 31, Criminal History Category VI, Melendez's sentencing range was 188-235 months' imprisonment.

      In other words, and as the Court explained in its July 16, 2024, Order, Melendez was in Criminal History Category VI for <u>two</u> separate reasons: he had 14 criminal history points <u>and</u> he was a career offender. After considering all of the factors set forth in 18 U.S.C. § 3553(a), the Court imposed a prison sentence of 188 months.

      Amendment 821 has no impact on Melendez's sentencing range, for the following reasons:

First, although under Amendment 821 only 1 criminal history point (not 2 criminal history points) is added because Melendez committed the instant offense while on supervised release, such that he now has 13 (not 14) criminal history points, he is still in Criminal History Category VI because a defendant with 13 or more criminal history points is in Category VI.

Second, as noted above, Melendez is a career offender, which is not affected by Amendment 821. Thus, he remains in Criminal History Category VI based on his career offender status, regardless of the number of criminal history points he has.

Third, Amendment 821 has no effect on Melendez's total offense level of 31.

Accordingly, Melendez's sentencing range is exactly the same now as it was at the time of sentencing—188-235 months' imprisonment, based on Level 31, Criminal History Category VI.

In the instant motion, Melendez claims he was under two different criminal justice sentences at the time of the instant offense—state parole and federal supervised release[1]—and that 2 criminal history points were added for each of these two sentences, for a total of 4 criminal history points. But Melendez was not given 4 criminal history points for being under two different criminal justice sentences at the time of the offense. He may well have been under both state parole and federal supervised release at the time he committed the offense, but in fact only 2 (not 4) criminal history points were added, for a total of 14 criminal history points. As explained above, Amendment 821 means he now has 13 (not 14) criminal history points, but that still places him in Criminal History Category VI. Moreover, he is still a career offender, which also places him in Criminal History Category VI. As a result, his sentencing range is still 188-235 months' imprisonment.

In short, Amendment 821 did not lower Melendez's sentencing range. And Section 3582(c)(2) authorizes the Court to reduce a term of imprisonment only when "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Because Melendez's sentencing range has not been lowered by Amendment 821, he is simply not eligible for a reduction of his term of imprisonment.[2]

Accordingly, Melendez's second motion for a reduction of his term of imprisonment is DENIED.

---

[1] Melendez says he was on federal "probation," but in fact it was federal supervised release.

[2] Melendez's other arguments under 18 U.S.C. § 3553(a) are irrelevant because he is simply not eligible for a sentencing reduction under Section 3582(c)(2) and Amendment 821.

Chambers will mail a copy of this Order to Melendez at the following address:

Arnold Melendez, Reg. No. 67794-054
USP Lee
U.S. Penitentiary
P.O. Box 305
Jonesville, VA  24263

Dated: July 15, 2025
White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge