Copies Mailed/Faxed
Chambers of Vincent L. Briccetti

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA  :

           :    **ORDER**

v.          :

           :    19 CR 455 (VB)

ARNOLD MELENDEZ,    :

      Defendant. :
-------------------------------------------------------x

    Defendant Arnold Melendez has recently submitted three substantially identical motions, dated June 7, June 8, and June 14, 2026, seeking a reduction of his term of imprisonment. (Docs. ##55, 57, 59). All three purport to rely on Amendments 660, 821, and 829 to the United States Sentencing Guidelines, as well as 28 U.S.C. § 994(u). This is the third time Melendez has sought a sentence reduction. His first two requests, which were based solely on Amendment 821, were denied. (Docs. ## 47, 48, 50, 51). The U.S. Court of Appeals for the Second Circuit dismissed Melendez's appeal of the second of these denials.

    For substantially the reasons set forth in the government's opposition dated June 16, 2026 (Doc. #58), Melendez's latest request for a reduction of his term of imprisonment is DENIED.

    First, as the Court has previously explained, Amendment 821 does not have the effect of lowering Melendez's sentencing range. At sentencing, Melendez's total offense level was 31 and his criminal history category was Category VI, such that his sentencing range was 188-235 months' imprisonment. Although Amendment 821 applied retroactively to this case, it did not lower Melendez's criminal history category or the sentencing range. In other words, Melendez's sentencing range was 188-235 months' imprisonment at the time of sentencing, and even after Amendment 821 it was still 188-235 months' imprisonment. 18 U.S.C. § 3582(c)(2) authorizes the Court to reduce a term of imprisonment only when "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." And Section 1B1.10(a)(1) of the Sentencing Guidelines adds that a court may reduce a term of imprisonment only when the sentencing range has been lowered as a result of an amendment listed in Guidelines § 1B1.10(d). Amendment 821 is listed in Section 1B1.10(d). However, because Amendment 821 did not lower Melendez's sentencing range, he is simply not eligible for a reduction of his term of imprisonment. Therefore, Melendez is not eligible for a sentence reduction pursuant to Amendment 821, 18 U.S.C. § 3582(c)(2), and Guidelines § 1B1.10.

    Second, neither Amendment 660 nor Amendment 829 is listed in Section 1B1.10(d) of the Sentencing Guidelines. Therefore, neither can be the basis of a sentencing reduction.

    Third, the Guidelines provisions referenced in Amendments 660 and 829—Sections 5G1.3, 5H1.1, and 5K2.23—did not dictate the guidelines calculation in any event, and therefore modifications of those provisions could not have the effect of lowering the Melendez's sentencing range.

1

Finally, Section 944(u) does not create an independent right for a sentence reduction; rather, it establishes the process by which the Sentencing Commission issued Guidelines § 1B1.10.[1]

Accordingly, Melendez's third request for a reduction of his term of imprisonment is DENIED.

Chambers will mail a copy of this Order to Melendez at the following address:

Arnold Melendez, Reg. No. 67794-054
FCI Beaumont Low
Federal Correctional Institution
P.O. Box 26020
Beaumont. TX  77720

The Clerk is instructed to terminate the motions.  (Docs. ##55, 57, 59).

Dated:  June 29, 2026
White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge

---

[1]    The government opposes the instant motion on the additional grounds that it is untimely and Melendez failed to raise these arguments in his appeal.  Because the motion is denied on the merits, the Court need not address the government's procedural objections.

2