UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARNOLD MELENDEZ,<br>Movant,<br>-against-<br>UNITED STATES OF AMERICA,<br>Respondent. | 26-CV-7247 (LTS)<br>19-CR-0455 (VB)<br>AMENDED ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Movant, currently incarcerated at Allenwood U.S.P. in White Deer, Pennsylvania, and proceeding *pro se*, filed this petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, challenging the sentencing guidelines range that was applied to his conviction in this court in *United States v. Melendez*, No. 19-CR-0455 (VB) (S.D.N.Y. Jan. 30, 2020). (ECF 1 at 1.) For the following reasons, the Court designates the application as a motion under 28 U.S.C. § 2255 and grants Movant 30 days to withdraw the application, if he does not wish to pursue relief under Section 2255.[1]

**BACKGROUND**

Movant pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute fentanyl, and by judgment of conviction dated January 30, 2020, the court sentenced him to 188 months' imprisonment followed by four years' supervised release. *United States v. Melendez*, ECF 1:19-CR-0455, 36 (VB) (S.D.N.Y. Jan. 30, 2020). On July 16, 2024, July 15, 2025, and June 29, 2026, Judge Briccetti denied Movant's applications for a sentence reduction pursuant to 18 U.S.C. § 3582 and Amendment 821 to the Sentencing Guidelines. (ECF 47, 48, 50, 51.)

[1] The Court issues this amended order to: (1) update Movant's address; and (2) clarify that his response is due within 30 days from the date of this order.

On August 17, 2026, the Court received from Movant a letter-petition seeking *habeas corpus* relief pursuant to 28 U.S.C. § 2241. In the petition, Movant challenges the sentencing guidelines range that was applied to his conviction, alleging that the use of his state criminal history to enhance his sentence violated the Double Jeopardy clause. (ECF 1 at 1.)

**DISCUSSION**

Movant's application must be construed as a motion for relief under 28 U.S.C. § 2255 because he seeks to vacate his conviction and sentence. *See Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001) (Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence."). If Movant does not want to pursue relief under Section 2255, he may notify the Court in writing within 30 days of the date of this order that he wishes to withdraw the application. *See Castro v. United States*, 540 U.S. 375, 383 (2003); *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998) (*per curiam*). Movant will have one opportunity within the limitations period to bring a Section 2255 motion. If Movant does not inform the Court of his intent within 30 days, the application will remain designated as a motion under 28 U.S.C. § 2255

**CONCLUSION**

The Court finds that this motion, notwithstanding its designation as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, should be construed as a Section 2255 motion. If Movant does not want to pursue relief under Section 2255, he may notify the Court in writing within 30 days of the date of this order that he wishes to withdraw his motion. If Movant does not inform the Court of his intent within 30 days, the application will remain designated as a Section 2255 motion.

The Clerk of Court is directed to reassign this matter to the Hon. Vincent Briccetti, as arising out of *United States v. Melendez*, No. 19-CR-0455 (VB) (S.D.N.Y. Jan. 30, 2020).

Because Movant has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 28, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge