UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARNOLD MELENDEZ,

Movant,

-against-

UNITED STATES OF AMERICA,

Respondent.

26-CV-7247 (VB)

19-CR-0455 (VB)

ORDER

VINCENT L. BRICCETTI, United States District Judge:

Movant Arnold Melendez, currently incarcerated at Allenwood U.S.P., brings this *pro se* motion pursuant to 28 U.S.C. § 2255,[1] challenging the legality of his sentence entered in *United States v. Melendez*, No. 19-CR-0455 (VB) (S.D.N.Y. Jan. 30, 2020). (ECF 1 at 1.) For the following reasons, the Court directs Melendez to show cause, by filing a declaration within 60 days of the date of this order—that is, by no later than **December 21, 2026**—why this application should not be denied as time-barred.

**BACKGROUND**

In the judgment of conviction entered on January 30, 2020, Melendez was convicted, after pleading guilty, of conspiracy to distribute and possess with intent to distribute Fentanyl.

[1] Melendez filed a petition pursuant to 28 U.S.C. § 2241. (ECF 1.) On September 28, 2026, Chief Judge Swain issued a *sua sponte* order: (1) construing Melendez's application as a motion for relief under Section 2255, *see Jiminian v. Nash*, 245 F.3d 144, 14647 (2d Cir. 2001) (Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence."); and (2) directing Melendez to withdraw the motion within 30 days if he did not want to pursue relief under Section 2255, *see Castro v. United States*, 540 U.S. 375, 383 (2003). (ECF 6.) The matter was then reassigned to the undersigned. By letter dated October 7, 2026, Melendez indicated that he wishes to proceed pursuant to Section 2255, and he asks the Court to "grant [him] counsel." (ECF 7.)

ECF No. 7:19-CR-0455, 36. The Court sentenced Melendez to 188 months' imprisonment,[2] followed by 4 years' supervised release. Melendez did not appeal the judgment of conviction.[3]

On August 17, 2026, the Court received from Melendez this Section 2255 motion, which is dated August 11, 2026. (ECF 1.) In the motion, Melendez challenges the sentencing guidelines range that was applied to his conviction.

## DISCUSSION

### A. Timeliness of motion

Melendez's application appears to be time-barred.

A federal prisoner seeking relief under Section 2255 must generally file a motion within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; *or* (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f).

Because Melendez did not appeal his January 30, 2020, judgment of conviction, it became final 14 days later, on February 13, 2020, when the time to file a notice of appeal expired. *See Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) ("[A]n unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires."). The one-year statute of limitations period under Section 2255(f)(1) commenced the following day, on

---

[2] The Court ordered the sentence to run concurrently to a 24-month sentence of imprisonment for violation of supervised release imposed in *United States v. Melendez*, No. 7:13-CR-273 (VB) (S.D.N.Y. Jan. 29, 2020). ECF No. 7:19-CR-0455, 36 at 2.

[3] The Court denied multiple motions that Melendez filed for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 of the Sentencing Guidelines. ECF No. 7:19-CR-0455, 44-51, 55-61. By Mandate issued March 2, 2026, the Second Circuit dismissed Melendez's appeal from the denial of one of those motions on default. *Id.* at 54.

February 14, 2020, and expired one year later, on February 14, 2021. Melendez filed his Section 2255 motion when he signed it on or around August 11, 2026,[4] more than five years after the limitations period expired. Thus, this Section 2255 motion is untimely under Section 2255(f)(1).

Accordingly, the Court directs Melendez to show cause within 60 days—that is, by no later than **December 21, 2026**—why this motion should not be denied as time-barred. Melendez should allege any facts that show that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely submitting this motion. *See Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001) (holding that extraordinary circumstances may warrant tolling the statute of limitations for Section 2255 motions).

## CONCLUSION

The Court directs Melendez to file a declaration within 60 days of the date of this order—that is, by no later than **December 21, 2026**—showing cause why the motion should not be denied as time-barred. For Melendez's convenience, a declaration form is attached to this order. If Melendez files a declaration within the time allowed, the Court will review it, and if proper, will order that the motion be served on Respondent. If Melendez fails to comply with this order, the motion will be denied as time-barred. No answer will be required at this time.

The Court denies the request for counsel without prejudice to renewal after the Court has resolved the timeliness issue.

The Clerk of Court is directed to terminate the motion. (ECF 7.)

---

[4] Under the so-called "prison mailbox rule," Melendez is considered to have filed his motion on the date when he signed it and presumably placed it into his prison's mail system for its mailing to the court. *See Houston v. Lack*, 487 U.S. 266 (1988); *see also Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006) (summary order) ("[I]n the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing." (citing cases)); *Walker v. Jastremski*, 430 F.3d 560, 562-64 (2d Cir. 2005) (discussing prison mailbox rule).

Because Melendez has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Chambers will mail a copy of this order to Melendez at the address on the docket in case no. 26-cv-7247 (VB).

SO ORDERED.

Dated: October 21, 2026
White Plains, New York

VINCENT L. BRICCETTI
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

________________________________________

________________________________________

Write the first and last name of each plaintiff or petitioner.

Case No. _____ CV ____________

-against-

________________________________________

________________________________________

________________________________________

________________________________________

Write the first and last name of each defendant or respondent.

# DECLARATION

____________________________________________________________

____________________________________________________________

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, ______________________________, declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

____________________________________________________________

____________________________________________________________

____________________________________________________________

____________________________________________________________

____________________________________________________________

Attach additional pages and documents if necessary.

Executed on (date)

Signature

Name

Prison Identification # (if incarcerated)

Address City State Zip Code

Telephone Number (if available)

E-mail Address (if available)